UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Bobby Ray Owens III, et al.,

Plaintiffs

v.

TransUnion LLC, et al.,

Defendants

Case No. 2:26-cv-01369-CDS-MDC

**Order Granting Plaintiffs' Motion for Leave**

[ECF No. 27]

Plaintiffs Bobby Ray Owens III and Ariel Chanel Ellis filed an emergency motion for leave to file a consolidated complaint "out of time." ECF No. 27. The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency'." *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c).

Generally speaking, an emergency motion is properly presented only when the movant has shown (1) that it will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). The plaintiffs' motion does not meet these standards, so the court has determined that the motion is not an emergency and strikes the emergency designation.

The plaintiffs failed to file a consolidated complaint by August 28, 2026. ECF No. 25. They now assert that they were unable to meet the deadline because their recent wedding and international travel prevented them from preparing and timely filing the consolidated complaint.

ECF No. 27.[1] The plaintiffs further argue that the court may extend a filing deadline after the time has expired if the party failed to act because of excusable neglect. *Id.* at 2 (citing Fed. R. Civ. P. 6(b)(1)(B)). They do not identify any prejudice resulting from their delay and contend that the delay will have no material impact on the proceedings. *Id.* at 3. Therefore, they seek "leave to file the accompanying Consolidated Complaint out of time and deem it timely filed."[2] *Id.* at 4.

On September 18, 2026, ten days before the plaintiffs filed their emergency motion, I ordered the plaintiffs to show cause why this action should not be dismissed for their failure to prosecute and failure to follow the court's order. ECF No. 26. That order provided the plaintiffs with an alternate means of discharging the show-cause order: they may do so by filing a consolidated amended complaint by October 9, 2026. *Id.* at 2. Thus, the deadline for the plaintiffs to file a consolidated complaint had not expired at the time they filed their emergency motion.

Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC oppose the motion, arguing that dismissal is warranted. ECF Nos. 28, 30. Experian and Equifax assert that the plaintiffs have not shown diligence and "the reason [for the delay] offered is a voluntary, foreseeable personal event, unsupported by any precise dates." ECF No. 28 at 3–4. Trans Union LLC argues that the plaintiffs have not met their burden of establishing excusable neglect. ECF No. 30. Although I am not necessarily persuaded the reason for the plaintiffs' delay supports a finding of excusable neglect, I find that an extension will not impact the proceedings and that the defendants will not suffer prejudice when the court has not yet ruled on the pending motion to dismiss or the motion to stay discovery nor has the court issued a scheduling order. And I do not find that the plaintiffs acted in bad faith when their

---

[1] It appears that the plaintiffs may have used artificial intelligence ("AI") to aid in drafting their motion because it includes entries such as "[VERIFY: confirm no further order or docket entry has issued in the interim before this motion is filed.]" and "[VERIFY: dates and, if relevant to the Court's consideration, general description of the travel]." ECF No. 27 at 2. The plaintiffs are advised to proceed with caution in using AI to draft judicial filings and furthermore are cautioned that using generative AI tools may result in sanctions.

[2] The plaintiffs' intentions are unclear. The court notes that no consolidated complaint accompanied the plaintiffs' motion.

delay was for the purpose of getting married. Finally, refusing to grant the extension would result in a dismissal and, "when a case is still young, 'a district court must consider . . . less drastic alternative sanctions' before dismissing." *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam) (citation omitted).

Therefore, I will afford the plaintiffs one brief, but final, opportunity to file a consolidated amended complaint. Accordingly, the plaintiffs' motion for leave **[ECF No. 27] is granted**. The plaintiffs must file a consolidated amended complaint **by October 29, 2026**. The plaintiffs are again warned that this will be their final opportunity to amend. No further extensions of time will be granted. Failure to comply with this order will result in the dismissal of this action.

The Clerk of Court is kindly directed to strike the emergency designation.

The plaintiffs are reminded that, although they are pro se, they are required to follow the rules like any other litigant. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). This includes regularly monitoring the court's docket.

Dated: October 15, 2026

_______________________________
Cristina D. Silva
United States District Judge