UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Bobby Ray Owens III, et al.,

Plaintiffs

v.

Trans Union LLC, et al.,

Defendants

Case No. 2:26-cv-01369-CDS-MDC

**Order Denying as Moot Defendant's Motions and Dismissing Case**

[ECF Nos. 15, 16]

In July 2026, the court sua sponte consolidated plaintiffs Bobby Ray Owens III's and Ariel Chanel Ellis's Fair Credit Reporting Act lawsuits against Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. ECF No. 22. There, I ordered the plaintiffs to file a consolidated complaint by August 28, 2026. *Id.* at 3.

On August 7, 2026, I reminded the plaintiffs that they must file a consolidated complaint by August 28, 2026. ECF No. 25. In that order, I cautioned the plaintiffs that if they failed to file a consolidated complaint by that date, this case would be dismissed for failure to prosecute and failure to comply with a court order. *Id.* at 2. That deadline passed and the plaintiffs failed to file a consolidated amended complaint.

As a result, I ordered the plaintiffs to show cause why this action should not be dismissed for their failure to prosecute and failure to follow the court's order. ECF No. 26. In the alternative, I allowed the plaintiffs to discharge the show-cause order by filing a consolidated amended complaint by October 9, 2026. *Id.* at 2. The plaintiffs were warned that failure to timely respond would constitute grounds for the involuntarily dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) without further notice. *Id.*

Ten days after I issued the order to show cause, the plaintiffs filed an emergency motion for leave to file a consolidated complaint "out of time." ECF No. 27. The plaintiffs asserted that they were unable to meet the deadline because their recent wedding and international travel

prevented them from preparing and timely filing the consolidated complaint. *Id.* I granted that motion. ECF No. 31. I also reminded the plaintiffs that the order to show cause extended the deadline for filing a consolidated amended complaint to October 9, 2026. *Id.* at 2. Thus, the deadline had not expired at the time they filed their emergency motion. Nonetheless, I afforded the plaintiffs one final opportunity to file a consolidated complaint and extended the deadline to October 29, 2026. *Id.* at 3. They were again cautioned that failure to comply would result in the dismissal of this action. *Id.* However, the October 29 deadline passed without the plaintiffs filing a consolidated amended complaint or otherwise responding.

## I. Discussion

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Yet the court may act on its own accord in exercising this authority. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990 (affirming dismissal for failure to timely file an amended complaint, applying the five factors); *see also Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (affirming dismissal for failure to prosecute).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). That is why the Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Here, the plaintiffs have delayed further adjudication of their claims by failing to timely amend their complaint, which has deprived this action of an operative complaint. This case cannot proceed without the plaintiffs' compliance, and it cannot simply remain idle on the court's docket unprosecuted.

The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). Although the plaintiffs' motion (ECF No. 27) offered a non-frivolous explanation for their earlier failure to prosecute, they have since missed two additional deadlines without providing any explanation, non-frivolous or otherwise, for their noncompliance.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. In cases like this one, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. The plaintiffs were given three opportunities to file their consolidated amended complaint, but they failed to do so. Without an operative complaint, the claims cannot be decided on the merits; therefore, I find that the fourth factor is outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

Cir. 1986) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). The court pursued less drastic alternatives by issuing an order to show cause, extending the deadline, and affording the plaintiffs a third opportunity to comply. The plaintiffs, however, failed to take advantage of these alternatives.

The Ninth Circuit has determined that a court's warning to a party that their failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The plaintiffs were provided with adequate warning that dismissal would result from noncompliance with the court's orders. *See* ECF No. 22 at 3; ECF No. 25 at 2; ECF No. 26 at 2; ECF No. 31 at 3. After four explicit warnings, the court is left with no lesser alternative, so the fifth factor favors dismissal.

## II. Conclusion

Finding that four of the five factors weigh in favor of dismissal, I hereby dismiss this action without prejudice under Fed. R. Civ. P. 41(b). Accordingly, I **deny as moot [ECF Nos. 15–16]** defendants Trans Union LLC's and Equifax Information Services LLC's motions to dismiss the complaint and stay discovery. The Clerk of Court is kindly directed to close this case.

Dated: November 6, 2026

________________________________
Cristina D. Silva
United States District Judge